**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>BRIAN WRIGHT,<br><br>　　　　　　　Defendant. | Case No. 2:17-cr-00142-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO DISMISS [ECF NO. 40] |

Before the Court is Defendant Brian Wright's Motion to Dismiss. (ECF No. 40). For the reasons stated below, Defendant's motion should be denied.

The government assert that on February 10, 2017, "Special Agents from the FBI and Task Force Officers (TFOs) from the Las Vegas Metropolitan Police Department" executed a search warrant on a residence in Las Vegas. (ECF No. 41 at 2). Wright allegedly attempted to drive a car out of the garage, going towards a deputized Federal Task Force Officer and hitting a law enforcement vehicle before being detained. (*Id.* at 3, 9).

Defendant has been charged with assaulting, resisting, or impeding certain officers or employees pursuant to 18 U.S.C. § 111. (ECF No. 7; ECF No. 40 at 2). 18 U.S.C. § 111 applies to actions taken against

> any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance.

18 U.S.C. § 1114.

In his motion to dismiss, Defendant argues 18 U.S.C. § 1114 "is unconstitutionally vague, overbroad and fails to provide adequate notice for the enhanced penalty and criminalization of actions as directed against 'any person' assisting a federal investigation 'on account of' that assistance.'" (ECF No. 40 at 2). Throughout the motion, Defendant poses a hypothetical when a bystander holds a water bottle for a federal agent and questions whether the bystander constitutes a person assisting a federal officer for the purposes of 18 U.S.C. § 1114. (*Id.* at 8-9, 14-15). In response, the Government asserts the plain language of 18 U.S.C. § 111 and §1114 clearly defines the conduct prohibited and the people protected by the statutes.[1] (ECF No. 41 at 6-7).

"A statute is void for vagueness when it does not sufficiently identify the conduct that is prohibited." *United States v. Makowski*, 120 F.3d 1078, 1080-81 (9th Cir. 1997) (quoting *United States v. Wunsch,* 84 F.3d 1110, 1119 (9th Cir.1995)). "Outside the First Amendment context, [the Court does] not consider 'whether the statute is unconstitutional on its face,' but rather 'whether the statute is impermissibly vague in the circumstances of [the] case.'" *Cavitt v. Cullen*, 728 F.3d 1000, 1005 (9th Cir. 2013) (quoting *United States v. Rodriguez,* 360 F.3d 949, 953 (9th Cir. 2004)). "[S]peculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1275 (9th Cir. 2017) (quoting *Hill v. Colorado*, 530 U.S. 703, 733 (2000)). The "mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *United States v. Williams*, 553 U.S. 285, 303 (2008) (quoting *Members of City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 800 (1984)). An individual cannot challenge the overbreadth or vagueness of a statute if "there is no showing that the

---

[1] The Court notes that Defendant did not file a reply to the Government's response.

overbreadth or vagueness…was applied to" the individual. *Gagnon v. Cupp*, 454 F.2d 287, 288 (9th Cir. 1972).

The Court should find that 18 U.S.C. § 111 and §1114 are not unconstitutionally overbroad or vague. Defendant's use of a hypothetical to argue his case is unpersuasive. The Court must look to the circumstances of the case to determine whether a statute is overbroad or vague. In this case, Defendant allegedly drove a car towards a Las Vegas Metropolitan Police Department detective serving as a deputized Federal Task Force Officer. (ECF No. 41 at 3, 9). The detective was assisting an FBI SWAT team in executing a search warrant obtained by an FBI Special Agent. (*Id.* at 8). "Law enforcement announced their presence at the residence by loudly knocking on the front door and yelling 'FBI, search warrant!'" (*Id.* at 2-3). 18 U.S.C. §1114 clearly applies to the detective as a "person assisting [an employee of a United States agency] in the performance of [official] duties." Any potential vagueness or overbreadth of 18 U.S.C. §1114 did not impact Defendant in this case.

ACCORDINGLY, and for good cause,

IT IS RECOMMENDED that Defendant's Motion to Dismiss (ECF No. 40) be DENIED.

DATED this 6th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE