# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00142-JAD-VCF |
|     Plaintiff | **Order Overruling Objection; Adopting Report and Recommendation; and Denying Motion to Dismiss** |
| v. | |
| Brian Wright, | [ECF Nos. 40, 42, 48] |
|     Defendant | |

Brian Wright is charged with assaulting, resisting, or impeding a federal officer under 18 U.S.C. § 111, after he allegedly backed his car into a law-enforcement vehicle and narrowly avoided hitting an officer while attempting to evade capture and arrest.[1] Wright moves to dismiss this charge, arguing that § 111 is void for vagueness and overly broad.[2] Magistrate Judge Ferenbach recommends that I deny the motion.[3] Wright objects to that recommendation, reiterating his dismissal-motion arguments.[4] After carefully considering Wright's objection and reviewing his original motion de novo, I find that the statute is not overly broad or unconstitutionally vague in the context of this case. So I overrule the objection, accept and adopt the recommendation, and deny the motion to dismiss.

## Background[5]

The Government alleges that a joint task force of FBI agents and Las Vegas Metropolitan Police Department (Metro) detectives went to Wright's home to execute search and arrest warrants for violations of Wright's conditions of his federal supervised release. A Metro officer parked a law-enforcement vehicle in Wright's driveway to prevent him from fleeing by car. The

---

[1] ECF No. 1.

[2] ECF No. 40.

[3] ECF No. 42.

[4] ECF No. 48.

[5] These background facts are taken from the complaint to provide context for Wright's arguments. ECF No. 1. They are not intended as findings of fact.

officers knocked on Wright's door and yelled "FBI, search warrant!"  Wright didn't answer.
Instead, he opened his garage door, got in his car, and backed it into the law-enforcement
vehicle, narrowly missing one of the Metro detectives who had been deputized by the FBI as a
member of the FBI's Las Vegas Safe Streets Task Force.

Wright was indicted on one count of assaulting, impeding, or interfering with a law
enforcement officer performing official duties, in violation of 18 U.S.C. § 111.[6]  The statute
"prohibits forcible assault on a federal officer 'while engaged in or on account of the
performance of official duties.'"[7]  Just who qualifies as a federal officer for purposes of this
statute is "designated in" 18 U.S.C. § 1114, which includes "any officer or employee of the
United States or of any agency in any branch of the United States Government (including any
member of the uniformed services) while such officer or employee is engaged in or on account
of the performance of official duties, or any person assisting such an officer or employee in the
performance of such duties or on account of that assistance."[8]

Wright, through counsel, moves to dismiss his indictment.[9]  He argues that the universe
of victims that the statute encompasses is overly broad and that the statute's language fails to
provide sufficient notice of what is illegal, making it unconstitutionally vague.  The government
opposed the motion,[10] and Magistrate Judge Ferenbach issued a report and recommendation in
which he recommends that I deny the motion because the statute is not overly broad or vague
and, in any event, "[a]ny potential vagueness or overbreadth of 18 U.S.C. § 1114 did not impact

---

[6] ECF No. 7.

[7] *U.S. v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) (quoting 18 U.S.C. § 111.

[8] 18 U.S.C. § 1114.

[9] ECF No. 40.

[10] ECF No. 41.

Defendant in this case."[11]  Wright filed a timely objection, which consists of a cut-and-paste of the entirety of his original motion argument nearly verbatim.[12]

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[13]  "[R]eview de novo means that the court should make an independent determination of the issues and should not give any special weight to the prior determination of the [magistrate judge]."[14]  "Normally, the judge . . . will consider the record [that] has been developed before the magistrate and make [her] own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate."[15] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[16]  I review Wright's objections and the record de novo, overrule the objections, adopt Magistrate Judge Ferenbach's recommendations, and deny Wright's motion to dismiss.

**Discussion**

18 U.S.C. § 111(a)(1) makes it a crime for anyone to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties."[17]  Section 1114 covers "any officer or employee of the United States or of any agency in any branch of the United States" as well as "any person assisting [any] officer or employee in the performance of [official] duties or on account of that assistance[.]"[18]  Wright argues that these statutes are so

[11] ECF No. 42.

[12] ECF No. 48.  The government responded.  ECF No.

[13] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[14] *United States v. Raddatz*, 447 U.S. 667, 690 (1980) (quoting *United States v. First City National Bank*, 386 U.S. 361, 368 (1967) (internal quotations and ellipses omitted)).

[15] *Id.* at 675.

[16] *Reyna-Tapia*, 328 F.3d at 1121–22.

[17] 18 U.S.C. § 111(a)(1).

[18] 18 U.S.C. § 1114.

vague that they don't "provide fair notice of what conduct is prohibited" and so broad that they "prohibit[] not only the acts the legislature may forbid, but also constitutionally protected conduct."[19]

To make this argument, Wright offers a hypothetical scenario. In this hypothetical, a random woman walks by federal officers who are investigating a crime scene. One of the officers struggles to write notes because he's holding a water bottle in one hand and a clipboard in the other. So, he asks the woman to hold his water bottle while he scribbles on the clipboard. She obliges, and in the lone minute that the woman is holding the bottle, a man approaches and shoves her out of his way. Wright argues that the woman is a person covered by § 1114 and that the man's assault would violate § 111(a)(1), even though he could not have known that the woman he chose to assault was protected by this federal statute.[20]

But the salient inquiry is not whether the statute may be overly broad or vague for the perpetrator of this hypothetical assault; rather, the question is whether it is too broad or vague under Wright's facts. "Outside the First Amendment context, [the Court does] not consider 'whether the statute is unconstitutional on its face,' but rather 'whether the statute is impermissibly vague in the circumstances of [the] case.'"[21] And "speculation about possible vagueness in hypothetical situations not before the Court will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications."[22] Similarly, the "mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge."[23] An individual cannot challenge the

---

[19] ECF No. 48 at 3 (quoting *Schwartzmiller v. Gardner*, 752 F.2d 1341 (9th Cir. 1984) (overbreadth) and citing to *City of Chicago v. Morales*, 527 U.S. 41, 58 (1999)).

[20] ECF No. 48 at 9, 14.

[21] *Cavitt v. Cullen*, 728 F.3d 1000, 1005 (9th Cir. 2013) (quoting *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004)).

[22] *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1275 (9th Cir. 2017) (quoting *Hill v. Colorado*, 530 U.S. 703, 733 (2000)).

[23] *United States v. Williams*, 553 U.S. 285, 303 (2008) (quoting *Members of City Council of Las Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984)).

overbreadth or vagueness of a statute if "there is no showing that the overbreadth or vagueness . . . was applied to" the individual.[24]

Wright has not shown that this hypothetical overbreadth or vagueness of 18 U.S.C. §§ 111 and 1114 impacted his case. It is alleged that Wright nearly backed his car into a Las Vegas Metropolitan Police Department detective who had been deputized as a Federal Task Force Officer. The subject detective was assisting an FBI SWAT team in executing a search warrant obtained by an FBI Special Agent. Wright's alleged attempted vehicular flight from a home surrounded by warrant-executing, federal law-enforcement officers and their vehicles squarely and fairly falls within the statutorily prescribed conduct. As the Ninth Circuit panel explained in *U.S. v. Hohman*, "[t]he Congressional purpose of § 111 was to give maximum personal protection to federal law enforcement officers," the assailant need not "know his victim is a federal officer," and his "knowledge of the officer's duty status is irrelevant."[25] "The Supreme Court has determined that this interpretation poses no risk of unconstitutional unfairness. One committing an assault 'knows from the very outset that his planned course of conduct is wrongful,' therefore, § 111 does not create a 'situation where legitimate conduct becomes unlawful solely because of the federal identity of the individual or agency affected.'"[26] I thus find that these statutes are not vague or overly broad, and I deny Wright's motion to dismiss.[27]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Wright's objection to Magistrate Judge Ferenbach's report and recommendation **[ECF No. 48] is OVERRULED**. The report and . . .

---

[24] *Gagnon v. Cupp*, 454 F.2d 287, 288 (9th Cir. 1972) (per curiam).

[25] *United States v. Hohman*, 825 F.2d 1363, 1365 (9th Cir. 1987).

[26] *Id.* (quoting *United States v. Feola*, 420 U.S. 671, 685 (1975)).

[27] *See U.S. v. Reyes-Lopez*, 141 Fed. Appx. 533 (9th Cir. 2005) (unpub.) (rejecting vagueness challenge to § 111).

1  recommendation **[ECF No. 42] is ACCEPTED and ADOPTED**; and Wright's motion to

2  dismiss **[ECF No. 40] is DENIED**.

3        Dated: May 1, 2018

4                                                    _____
                                                     U.S. District Judge Jennifer A. Dorsey
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28