# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case Nos.: 2:17-cr-00142-JAD-VCF |
| Plaintiff | 2:17-cr-00160-JAD-VCF |
| v. | **Order Overruling Objections to Report & Recommendation and Denying Motions to Dismiss** |
| Brian Wright, | |
| Defendant | [ECF Nos. 72, 84, 96 in 17cr142; ECF Nos. 1758, 180, 213, 218 in 17cr160] |

Pro se defendant Brian Wright is the subject of two prosecutions pending before this district judge. In the first, Wright is charged with assaulting federal officers with a dangerous weapon and with intent to commit another felony after he backed his car into a law enforcement vehicle that was blocking him in while officers and agents were executing a search warrant on his home.[1] The second charges Wright and some co-defendants with various crimes arising out of the 2017 armed robbery of two jewelry stores.[2] Wright is no stranger to this courthouse, having pled guilty under a plea agreement to being a felon in possession of a firearm in 2016.[3] That plea deal was reached in the middle of Wright's pro se trial for a 2014 jewelry-store robbery.

Wright moves to dismiss both pending cases for vindictive prosecution and prosecutorial misconduct.[4] He theorizes that law enforcement has it out for him because he beat the 2014

---

[1] 2:17-cr-142-JAD-VCF.

[2] 2:17-cr-160-JAD-VCF.

[3] 2:14-cr-357-APG-VCF (*see* minutes at ECF Nos. 294, 295, change of plea transcript at ECF No. 298.).

[4] ECF No. 72 (also filed in 17-cr-160 at ECF No. 180, along with a counseled motion to dismiss at ECF No. 175). The government opposed both motions at ECF No. 77. Although the filings

robbery case before U.S. District Judge Andrew Gordon and then posted a video to YouTube in which he lambasted the U.S. Attorney's Office and law enforcement, and they're falsely pinning the 2017 robberies on him purely to retaliate. He also argues that the 2017 robbery charges are insufficiently pled.[5]

The magistrate judge recommends that I deny Wright's motions.[6] Wright objects, arguing that the magistrate judge has ignored the facts that show misconduct by every agent, probation officer, attorney, and jurist to touch this case, and all the evidence against him is false and fabricated.[7] He also contends that the indictment against him in the new robbery case is insufficient because it pleads only the substantive crimes against him, not an aiding-and-abetting theory that reflects the government's story that he masterminded the heists.[8] The government responds that Wright "presents unsupported conjecture as fact" and that he "glosses over, omits, or flatly denies anything that demonstrates his wrongdoing and the good faith basis for the criminal cases against him."[9] And it points out how Wright's assertions are belied by his own statements under oath during his change-of-plea hearing and Judge Gordon's findings when revoking Wright's supervised release after a lengthy evidentiary hearing. I find that Wright has not shown that dismissal of either case is warranted, I adopt the recommendation, overrule Wright's objections, and deny his motions to dismiss.

---

related to these motions were made in both cases, I primarily use the ECF No. references from the 17-cr-142 case for ease of reference.

[5] 17-cr-160 at 175.
[6] ECF No. 84.
[7] ECF No. 96.
[8] ECF No. 96 at 10.
[9] ECF No. 108.

**Discussion**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[10] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[11] Having reviewed the R&R, the underlying briefing, and Wright's objections *de novo*, I find that these issues are capable of resolution without a hearing, further evidence, or additional magistrate-judge review.

**A.     Retaliatory misconduct**

The bulk of Wright's motions to dismiss and his objections to the R&R focus on his assertion that these prosecutions are vindictive, not meritorious; fueled only by an agent's retaliatory obsession with him; and founded on evidence fabricated by a wide web of agents and agencies. Although I do not doubt the strength of Wright's belief that he is only in the government's crosshairs because he beat the rap for the 2014 robbery and then castigated all involved on YouTube, he has offered no authority or set of facts to show that dismissal is warranted here. While Wright makes copious use of the terms "vindictive prosecution," "prosecutorial misconduct," and "outrageous government misconduct," he fails to connect them to (and thus ignores) the high and narrow standards that defendants must meet to achieve relief from an indictment under any of these legal tenets.

   *1.     Vindictive prosecution*

"In vindictive prosecution cases, it is the Government's attempt or threat to 'up the ante' by bringing new or more serious charges in response to the exercise of protected rights that

---

[10] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003); L.R. IB 3-2(b).

[11] *Reyna-Tapia*, 328 F.3d at 1121–22; *see also* L.R. IB 3-2(b).

3

violates the due process guarantee. That practice is proscribed to prevent prosecutors from chilling defendants' exercise of procedural rights through the threat that more severe or additional charges will be brought in retaliation."[12] "In almost every case in which courts have condemned prosecutions as vindictive, the defendant, after exercising some procedural right, had been confronted with a more serious or an additional charge arising out of the same nucleus of operative facts as the original charge."[13] Claims of vindictive prosecution are "weakened" when the challenged prosecution "is based on a different set of facts from" the "previous prosecutions."[14]

These 2017 cases arise from new 2017 acts that are entirely distinct from the nucleus of operative facts that Wright's earlier prosecution was based on. And these new crimes and circumstances prevent Wright from being able to show direct evidence or an appearance of prosecutorial vindictiveness.[15] These events occurred after Wright voluntarily took a plea deal in the 2014 case, had served his time for that conviction, and was out on supervised release.[16] The

---

[12] *United States v. Robison*, 644 F.2d 1270, 1273 (9th Cir. 1981) (collecting authorities).

[13] *Id.* at 1272

[14] *Id.* at 1273.

[15] If, as Wright claims, FBI Agent Christopher McPeak, an investigator on both the 2014 and 2017 robberies, "put the end of a shot gun to Wrights [sic] head and said 'you won't win this time motherfucker'" during his 2017 arrest, this would show vindictiveness on the part of law enforcement. But Wright "must show vindictiveness on the part of those who made the charging decision"—the prosecutors—and that Wright has not done. *U.S. v. Edmonds*, 103 F.3d 822, 826 (9th Cir. 1996). His assertion that McPeak "was under [AUSA] Cristina Silva's direct order," ECF No. 72 at 9, is unsupported. Regardless, the admitted fact that Wright hit a law-enforcement vehicle with his car, plus the commission of the 2017 robberies are "independent reasons or intervening circumstances" that "dispel the appearance of vindictiveness and justify" these prosecutions. *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (*United States v. Hooton*, 662 F.2d 628, 634 (9th Cir. 1981)).

[16] *Compare* ECF No. 142 and ECF No. 109 in 2:17-cr-160 *with* 2:14-cr-357-APG-VCF (ECF Nos. 26 (2014 superseding indictment), 290 (plea agreement), 303 (judgment)).

4

assault-on-an-officer indictment was obtained after Wright hit a law-enforcement vehicle with his own car on February 10, 2017, as he was attempting to leave his home during the execution of a search warrant for evidence of pimping and pandering crimes, and he even admits in his objection that he "bump[ed]" that car.[17] The other pending prosecution is for two jewelry-store robberies that took place in January 2017. As the Ninth Circuit cautioned in *U.S. v. Griffin*, vindictive-prosecution law was not developed "to give a defendant a free ride for separate crimes he may have committed, or to prevent a prosecutor from brining new charges as a result of changed or altered circumstances [that] properly bear on prosecutorial discretion."[18] To apply the doctrine here would do just that.

### 2. *Prosecutorial misconduct and outrageous government conduct*

Wright has also failed to demonstrate anything close to what the law regards as prosecutorial misconduct or outrageous government conduct. Outrageous government conduct occurs when the actions of law enforcement officers or informants are "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction."[19] The Ninth Circuit has recognized that dismissal of an indictment for outrageous government conduct is "limited to extreme cases" in which the defendant demonstrates that the government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice."[20] Similarly,

---

[17] ECF No. 96 at 8.
[18] *United States v. Griffin*, 617 F.2d 1342, 1348 (9th Cir. 1980).
[19] *United States v. Russell*, 411 U.S. 423, 431–432 (1973).
[20] *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011).

5

prosecutorial misconduct has a high bar. "An indictment may be dismissed only in flagrant cases of prosecutorial misconduct"[21]

The magistrate judge found that nothing that Wright pointed to in his motion to dismiss—either independently or when combined—showed "misconduct severe enough to dismiss these cases."[22] The first part of Wright's objection is devoted to criticizing the course of the proceedings in his previous prosecution and the sufficiency of that 2014 indictment (which was almost completely dismissed under Wright's written plea agreement).[23] He claims that it was "confirmed that the only way the Government could have obtained that indictment was by the Government, along with agent Christopher McPeak went in front of the Grand Jury, and committed perjury to frame Wright. . . ."[24] And he claims he was "forced to" plead to the felon-in-possession charge.[25] Wright further suggests that I cannot trust Judge Ferenbach's assessment of his motions in the R&R because this magistrate judge, by his rulings, "condoned the misconduct that took place" in his 2014 case and "Wright added" a criticism of Judge Ferenbach "to his message on YouTube."[26]

But Wright's highly subjective retelling of the facts of his earlier prosecution is largely unsupported. Plus, his disavowal of any wrongdoing charged in the 2014 indictment, and his claim that he was "forced" to accept a felony conviction, are belied by the facts that he voluntarily pled guilty to the felon-in-possession charge in that indictment and admitted under

---

[21] *United States v. De Rosa*, 783 F.2d 1401, 1405 (9th Cir. 1986).
[22] ECF No. 84.
[23] *See* ECF No. 96 at 2–6.
[24] *Id*. at 4.
[25] *Id*. at 5.
[26] ECF No. 96 at 2.

6

penalty of perjury to the facts of that offense and that he was pleading because he was guilty and for no other reason. So the "historic details"[27] of the 2014 prosecution do not support the dismissal of this case under any theory.

Nor do they suggest that the magistrate judge is or was biased against Wright or was "condoning" prosecutorial misconduct. Unfavorable judicial rulings alone do not show bias.[28] And Wright has not shown that Judge Ferenbach even watched his YouTube video, let alone pointed to anything that would suggest that the magistrate judge has lost his ability to be impartial in this case simply because Wright criticized him and everyone else involved in the 2014 case on the internet.

The remainder of Wright's objections boil down to his view that the government had and has no evidentiary support for the charges against him in either case. Wright disputes the strength and veracity of the evidence that the government presented to the grand jury. He claims that the search warrant (the execution of which gave government the opportunity to be parked behind his car) was issued upon evidence of pimping and pandering that was wholly made up by McPeak and Wright's probation officer.[29] He contends that he was just trying "to go around the car [in his driveway while casually heading to the store] and accidentally bump[ed] this car" while officers were "nowhere near the vehicle and . . . never in any danger," so the assaulting-a-federal-officer charge "is another falsified" claim by McPeak. "Bumping into a car that resulted in nothing more than a scratch on both vehicles . . . does not qualify as Wright impeding an

---

[27] *Id.* at 2.

[28] *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997).

[29] ECF No. 96 at 6–8.

7

officer," he reasons.[30] And he argues that the new robbery indictment was obtained with "fallacious phone records created by" another agent "and lord knows what els[e]," and that any fingerprint and DNA evidence was similarly fabricated.[31]

But there is no summary-judgment equivalent in criminal prosecutions. As the Supreme Court explained in *Costello v. United States*, the fact that the evidence presented to the grand jury was unreliable or incompetent does not require dismissal of the indictment:

> If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.[32]

In short, "an indictment valid on its face is not subject to . . . a challenge" to the reliability or competence of the evidence presented to the grand jury."[33] To obtain a dismissal at this stage, Wright would have to demonstrate that the prosecutor engaged in flagrant misconduct. This he has not done.

---

[30] *Id*. at 8–9.

[31] *Id*. at 9–10. Even if the sufficiency of the evidence were subject to pretrial challenge, Wright's would fail. Wright was found to have violated the terms of his supervised release after a lengthy evidentiary hearing in which Judge Gordon found proof of the pandering and prostitution allegations and the assaulting-an-officer allegations. *See* ECF Nos. 344 (judgment for revocation) in 14-cr-357. And as for the 2017 robberies, co-defendant Aquail Harris recently pled guilty to possession of a firearm in furtherance of the 2017 Jared's jewelry store robbery. His statements in support of his plea directly inculpate Wright in the planning and orchestration of, and participation in, that robbery. *See* ECF No. 191 at 4–5 in 17-cr-160.

[32] *Costello v. United States*, 350 U.S. 359, 363 (1956); *see also Bank of Nova Scotia v. United States*, 487 U.S. 250, 255–60 (1988).

[33] *Bank of Nova Scotia*, 487 U.S. at 261.

8

Wright's arguments mirror those rejected by the Ninth Circuit in *United States v. Garza-Juarez*.[34] There, the defendants were the targets of a sting operation that resulted in their convictions on illegal-firearms charges. They theorized that the charges against them were entirely "motivated by prosecutorial vindictiveness" and "that the government committed outrageous conduct by targeting them even though [it] had no evidence that either was engaged in criminal activity."[35] When agents first happened upon Joe Juarez selling his guns at a swap meet, they had "no information linking Joe Juarez to illegal acts, and [his] background check . . . revealed that he had no criminal record."[36] It took nearly three months of pressure before agents succeeded in getting an illegal transaction from him and his brother Esteban.[37] But the Ninth Circuit panel found that "the government's targeting of Joe Juarez did not violate his constitutional rights and was not illegal" and that "[t]he district court did not abuse its discretion in declining to exercise its supervisory powers with regard to" either brother.[38] Wright's arguments compel no different conclusion.

In sum, Wright has not demonstrated a basis to dismiss his indictments on due process grounds or in the exercise of my supervisory powers. His motions to dismiss are denied.

**B.     Sufficiency of the indictment**

Wright's only objection to the magistrate judge's sufficiency-of-the-indictment portion of the recommendation is to suggest that the 2017 robbery indictment is insufficient because it

---

[34] *United States v. Garza-Juarez*, 992 F.2d 896 (9th Cir. 1993).
[35] *Id.* at 903.
[36] *Id.* at 900–01.
[37] *Id.*
[38] *Id.* at 905 (collecting cases).

states that he directly committed the robberies, not that he masterminded them.[39] What Wright misses is that aider-and-abettor liability is automatically part and parcel of the substantive crimes charged against him. As the Ninth Circuit explained in *U.S. v. Garcia*:

> In the context of aider and abettor liability, there is a single crime that the defendant is charged with committing; he could commit that offense by directly performing illegal acts himself, or by aiding, abetting, counseling, commanding, inducing, or procuring the commission of the offense. Whichever, the defendant (if convicted) is liable as a principal.[40]

"Aiding and abetting is simply one means of committing a single crime."[41] It is "a theory of liability" and "embedded in every federal indictment for [the] substantive crime,"[42] "whether or not it is specifically mentioned."[43] So the government did not have to specifically include an aiding-and-abetting theory in the indictment against Wright. The indictment is sufficiently pled, and Wright's objection is overruled.

. . .

---

[39] ECF No. 96 at 10.

[40] *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005) (citing 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.")).

[41] *Id.*

[42] *Id.* (citing *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988); *United States v. Angwin*, 271 F.3d 786, 800 (9th Cir. 2001)).

[43] *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990) (citing *United States v. Lester*, 363 F.2d 68, 72 (6th Cir. 1966), and noting that "it has long been held that an indictment need not specifically charge 'aiding and abetting' or 'causing' the commission of an offense against the United States, in order to support a jury verdict based upon a finding of either. All indictments must be read in effect, then, as if the alternatives provided by 18 U.S.C. § 2 were embodied in each count thereof.").

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- Wright's objections (**ECF No. 96 in 17-cr-142, and ECF No. 218 in 17-cr-160) are OVERRULED**;

- the Magistrate Judge's Report and Recommendation (**ECF No. 84 in 17-cr-142, and ECF No. 213 in 17-cr-160) is ACCEPTED and ADOPTED**; and

- Wright's Motions to Dismiss (**ECF No. 72 in 17-cr-142, and ECF Nos. 175, 180 in 17-cr-160) are DENIED**.

Dated: August 10, 2018

_____
U.S. District Judge Jennifer A. Dorsey