# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00142-JAD-VCF |
| Plaintiff | |
| v. | **Order** |
| Brian Wright, | [ECF Nos. 142, 143, 144, 146, 147, and 148] |
| Defendant | |

Brian Wright was found guilty of three counts of assault on a federal officer after a two-day jury trial.[1] Though he represented himself at trial, immediately after the verdict was read, Wright asked for his standby counsel Telia Williams, Esq. to be appointed as his attorney for sentencing and appeal.[2] Wright soon changed his mind and reasserted his right to represent himself, so he proceeds to sentencing as his own attorney.

During the short window in which Williams was Wright's counsel, Wright's Rule 29 motion came due, and Williams filed it. When I granted Wright's motion to resume his self-representation, I advised him that he would need to file a motion to supplement that counseled motion if he believed that Williams had left out arguments he wanted to raise. Wright has not filed that motion to supplement, but I liberally construe his motion to extend time to file a supplement[3] as a request to supplement the original motion,[4] set a formal Rule 29 motion briefing schedule, and resolve all other pending motions.

---

[1] ECF Nos. 118 (minutes), 123 (verdict), 134 (transcript of trial day 2).
[2] ECF No. 134 at 199–201 (transcript of trial day 2).
[3] ECF No. 146.
[4] ECF No. 139.

**Discussion**

**A.     Representation issues**

First, I need to set the record straight on the issue of Ms. Williams's representation of Mr. Wright. Wright has stated several times that he never asked for Ms. Williams to be appointed as his attorney and that this court never did so.[5] Wright is wrong.

Minutes after the jury returned its three-count guilty verdict on August 15, 2018, Wright announced that he no longer cared to represent himself in this case and that he wanted the court to appoint Ms. Williams—who had served as his standby counsel at trial—as his attorney for the rest of the case. That exchange is summarized on the last two pages of the trial transcript:

> THE COURT:  So it is your intention that you no longer represent yourself in this case and that you have me appoint your standby counsel to be your actual counsel in this case, in this '142 case.[6]
>
> MR. WRIGHT:  Yes, that's correct.
>
> THE COURT:  --from here on out?
>
> MR. WRIGHT:  Yes.
>
> THE COURT:  I will do so.  All right.  Ms. Williams?
>
> MS. WILLIAMS:  I accept the appointment, Your Honor.
>
> THE COURT:  Thank you.  You are now appointed.[7]

Wright changed his mind within a week and moved to have Ms. Williams relieved from her position as his attorney and his self representation restored.[8] But the deadline for Wright's

---

[5] *See, e.g.*, ECF No. 142 at 3 ("Wright never surrendered his Pro Se status").

[6] The court was distinguishing this case from 2:17-cr-00160-JAD-VCF, in which Wright is the subject of an additional prosecution for two jewelry-store robberies.

[7] ECF No. 134 at 200–01.

[8] ECF Nos. 125, 129.

Rule 29 motion arrived before I could conduct a hearing on his self-representation motion. Because Wright was represented by counsel when the Rule 29 motion came due, Ms. Williams dutifully filed it on September 6, 2018, as I had expressly directed her to.[9] Wright resumed his self representation after the *Faretta* hearing four days later.[10]

In sum, Ms. Williams served as Wright's appointed attorney from late in the afternoon of August 15, 2018, until late in the morning on September 10, 2018. So, contrary to Wright's suggestions,[11] Ms. Williams did not hijack his Rule 29 briefing, and this court never disregarded his pro se status. Wright's unsupported historic recollection is also the basis for his motion to reconsider my order extending Ms. Williams's deadline to file the Rule 29 motion.[12] I deny that motion for reconsideration [ECF No. 142] because Wright has not demonstrated any legitimate basis for such relief.[13] And because Ms. Williams no longer represents Wright in this case, I deny as moot Wright's "Second Request to Dismiss Counsel" filed on October 19, 2018, [ECF No. 148].

---

[9] *See* ECF No. 136 (order recounting the sequence of events surrounding the Rule 29 motion deadline and directing, "The deadline for Ms. Williams to file Wright's Rule 29 motion is extended to September 6, 2018, and Wright's pro se request to extend that deadline [ECF No. 126] is DENIED as moot in light of that extension"); *see also* L.R. IA 11-6(a) ("A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court all filings must thereafter be made by the attorney . . . ."); ECF No. 139 (counseled Rule 29 motion).

[10] ECF No. 141 (minutes of 9/10/18 hearing).

[11] *See, e.g.*, ECF No. 142.

[12] ECF No. 142.

[13] One of the requests in this motion is that he be given the trial transcript copies that Ms. Williams received. *See* ECF No. 142 at 4. The record is clear that Wright has been given those transcripts. *See, e.g.*, ECF No. 149 at 3 (wherein Wright states that he "did not receive the Trial Transcripts until the end of September").

3

**B.	Request for additional transcripts**

Wright has filed two motions asking for "transcripts from the calendar calls that was [sic] held for the 00142 case including the hearing that was held on the 8-20-2018, and 8-10-2018, and the hearing to dismiss counsel that was held on 9-10-2018, where Talia [sic] Williams admitted to saying that she was scared to bring to the courts [sic] attention the misconduct that is being engaged in by the prosecutors in these cases."[14] He represents that he wants these transcripts for his appeal to the Ninth Circuit "in the event that" I deny his pending Rule 29 motion and because he intends to lodge a complaint against Ms. Williams with the Nevada Bar.[15]

To the extent that Wright desires these transcripts for an eventual appeal, this request is premature. Should he file an appeal, the process for requesting transcripts at the taxpayers' expense is governed by Rule 10(b) of the Federal Rules of Appellate Procedure. Wright will need to follow the steps outlined in that rule at the appropriate time. To the extent that he wants the transcripts to provide to the Nevada Bar during a complaint proceeding, that is not a purpose for which the Criminal Justice Act authorizes the expenditure of public funds.[16] So I deny the motions for these transcripts [ECF Nos. 143, 147].

---

[14] ECF No. 147; *accord* ECF No. 143. I note that I do not agree with Wright's characterization of the record. It does not reflect this misconduct that he continues to allege*, see, e.g.*, ECF No. 110 (order overruling objections to report & recommendation and denying motions to dismiss), and it belies the notion that Ms. Williams made such an admission. I also note that this court's crushing docket makes it impossible to respond to the constant stream of aspersions that Wright casts in his prolific filings and at each hearing, claiming that the court is conspiring with the prosecution. Lest there be any doubt about this court's position, that claim is absurd.

[15] ECF No. 147 at 1.

[16] 18 U.S.C. § 3006(a); 28 U.S.C. § 753(f); *see also United States v. Lucatero*, No. CR. S-05-0443 WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (noting that a defendant "may receive such transcripts at the taxpayers' expense only if" they are necessary for a criminal or habeas corpus proceeding).

**C.    The Rule 29 briefing**

Wright's counseled Rule 29 motion was timely filed on September 6, 2018.[17] When I granted Wright's request to resume his self representation, Wright was deep in his contention that he never asked to have Ms. Williams appointed as his counsel, so she should never have been the one to file his motion or receive the copies of the trial transcripts that the court ordered be given to the defense.[18] I expressly rejected all of those assertions and told Wright that if he believed that Ms. Williams did not make the arguments he thought were necessary, he needed to file a motion to supplement the counseled motion.[19]

Though Wright never filed such a motion, he did file a "Request for extension" in which he asks me to "allow him to the date of October 12, 2019[,] . . . to file the supplement to the motion for new trial. . . ."[20] He ultimately filed his "Supplemental and Amended Motion" just a few days ago on October 25, 2018.[21] In the interest of justice, I liberally construe Wright's request for extension [ECF No. 146] as a motion to supplement and grant it, and I will consider Wright's supplemental and amended motion [ECF No. 149] on its merits.

That brings me to the briefing schedule and the government's opportunity to fairly respond. The government submitted a response to the counseled Rule 29 motion along with a request to allow it to be filed one day late.[22] In the interest of justice and judicial economy, I now give the government ten days from today to file a comprehensive opposition to the original

---

[17] ECF No. 139.

[18] ECF No. 142.

[19] 9/10/18 hearing at 11:55–11:56.

[20] ECF No. 146.

[21] ECF No. 149. It is dated as "Executed on October 19, 2018."

[22] *See* ECF Nos. 144, 144-1.

motion [ECF No. 139] as supplemented and amended by Wright's new filing [ECF No. 149].[23] Wright will then have 15 days from service of the government's response to file a reply brief. I therefore deny the government's motion to file the late original response [ECF No. 144] as moot, and I disregard the proposed original response [ECF No. 144-1].

**D.  The sentencing hearing is continued.**

Finally, I note that Wright's sentencing hearing in this case is currently set for November 19, 2018.[24] Because the Rule 29 motion will not even be fully briefed—let alone decided—by then, I find good cause to sua sponte continue the sentencing hearing to January 15, 2019, at 2:30 p.m. to permit sufficient time for the parties to fully brief, and this court to decide, the Rule 29 motion.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- Wright's motion entitled "Reconsideration to Order due to conflicting orders made orally by this Court" **[ECF No. 142] is DENIED**;

- Wright's motions for transcripts of hearings **[ECF Nos. 143 and 147] are DENIED**;

- I deem Wright's request for extension [ECF No. 146] as a motion for leave to supplement the counseled motion for new trial [ECF No. 139], and **I GRANT it [ECF No. 146]**;

---

[23] Wright explains on the first page of his brief that "[a]ll of those arguments and points and authority in support [of the counseled Rule 29 motion] are hereby expressly adopted, except the amended portions as detailed below in 'Section B.'" ECF No. 149 at 1.

[24] ECF No. 118 (minutes).

6

- The government has 10 days from the date of this order to file its consolidated response to Wright's counseled Rule 29 motion [ECF No. 139] as supplemented and amended by ECF No. 149. Wright will have 15 days from the date of service of that response to file his reply. Beyond that, no further briefing (supplements, amendments, etc.) may be filed on the Rule 29 issues absent court order.
- The government's motion for leave to file a late response **[ECF No. 144] is DENIED** as moot; and
- Wright's motion to dismiss counsel **[ECF No. 148] is DENIED** as moot.

IT IS FURTHER ORDERED that **Wright's sentencing hearing** currently scheduled for November 19, 2018, **is VACATED and CONTINUED to January 15, 2019, at 2 p.m.**

Dated: October 31, 2018

_____
U.S. District Judge Jennifer A. Dorsey