# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Brian Wright,<br><br>Defendant | Case No.: 2:17-cr-00142-JAD-VCF<br><br>**Order Denying Defendant's Motion to Set Aside Judgment**<br><br>[ECF No. 176] |

Brian Wright was found guilty of three counts of assault of a federal officer after a two-day jury trial.[1] He subsequently moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. After I denied the motion[2] but before I sentenced Wright, he appealed to the Ninth Circuit Court of Appeals and separately moved the Ninth Circuit for a stay of his sentencing to petition for a writ of mandamus.[3] Shortly after, the Ninth Circuit ordered Wright to show cause why his appeal shouldn't be dismissed for lack of jurisdiction given that judgment had not yet been entered.[4] Wright also moved this court to stay his sentencing, which I denied, making clear that his sentencing would continue absent an order from the Ninth Circuit.[5] I sentenced Wright last month and entered judgment.[6]

---

[1] ECF Nos. 118 (minutes), and 123 (verdict).

[2] ECF No. 159.

[3] ECF Nos. 161, 164.

[4] *United States v. Wright*, 19-10022 (9th Cir. 2019), Dkt. No. 2.

[5] ECF No. 169.

[6] ECF Nos. 171–72.

A week later, Wright moved to set aside judgment, arguing that I lacked jurisdiction to sentence him while his appeal was pending.[7] Although the filing of a notice of appeal normally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,"[8] Wright prematurely appealed his conviction. Indeed, the Ninth Circuit recently dismissed his appeal for lack of jurisdiction,[9] demonstrating that this court retained jurisdiction through sentencing. I therefore deny Wright's motion.

Accordingly, IT IS HEREBY ORDERED that Wright's **motion to set aside judgment [ECF No. 176] is DENIED.**

Dated: April 9, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[7] ECF No. 176.
[8] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).
[9] ECF No. 177.