# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Brian Keith Wright,<br><br>　　　　Defendant | Case No.: 2:17-cr-00142-JAD-VCF<br><br>**Order Denying Motion to Vacate, Set Aside, or Correct Sentence**<br><br>[ECF Nos. 223, 225] |

　　Brian Wright was found guilty of assault on a federal officer after a two-day jury trial.[1] Judgment was entered on March 6, 2019.[2] Wright appealed his conviction,[3] and the Ninth Circuit affirmed.[4] Through a largely incomprehensible and narrative motion, Wright seeks habeas relief under 28 U.S.C. § 2255.[5] Because his motion contains no legal argument for modification or vacatur of his sentence and the record conclusively establishes that he is not entitled to the relief he seeks, I deny his motion.

---

[1] ECF No. 172.

[2] *Id.*

[3] ECF No. 161; ECF No. 174.

[4] ECF No. 221.

[5] ECF No. 223. The cover page of Wright's motion indicates that he intended it to be filed in this court as a motion under § 2255, but the contents of the motion often refer to the requirements of mandamus relief. *See* ECF No. 223 at 1, 3. In all material respects, the motion is identical to the petition for a writ of mandamus Wright filed with the Ninth Circuit, which that court has since denied. ECF No. 224. This court cannot issue a writ of mandamus to itself. But to the extent that Wright alleges that his incarceration is illegal and that he must therefore be released, the proper vehicle for such a claim is a motion under § 2255. So that is how I construe it.

**Discussion**

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[6] If the court so finds, it must "vacate and set the judgment aside and . . . discharge the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence as may appear appropriate."[7] A prisoner filing a claim for federal habeas relief under § 2255 is entitled to service upon the United States Attorney and an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[8] No evidentiary hearing is warranted if the petitioner's "allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[9]

Wright's motion spins a tall tale that includes misconduct, illegalities, and coverups by Las Vegas Metropolitan Police Department officers, Federal Bureau of Investigation agents, an assistant United States Attorney, and at least three federal judges.[10] It refers to the trials in which Wright was convicted as "modern day judicial lynching[s]," accuses the clerk of this court

---

[6] 28 U.S.C. § 2255(a).

[7] *Id.* at § 2255(b).

[8] *Id.*; *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'") (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

[9] *Id.* (cleaned up). I find this motion suitable for resolution without an evidentiary hearing.

[10] *See generally* ECF No. 223.

of tampering with his mail, and alleges that a judge's comments from the bench about Wright during another defendant's sentencing hearing—which were published in the Las Vegas Review Journal—poisoned the grand-jury and jury pools in his cases.[11]  To the extent there is one, the only legal argument he appears to make is that the statute under which he was convicted requires that a physical assault be committed before charges for impeding federal officers may be sought, but the government nevertheless brought such charges in his case.[12]  He seeks release from custody, return of money the government allegedly seized, and correction of the appellate record.[13]

　　　　Wright's contentions are meritless.  His sole legal argument is belied by the statute's text, which provides that "[w]hoever . . . forcibly assaults, resists, opposes, impedes, intimidates, *or interferes with*" a federal-law-enforcement officer "engaged in . . . the performance of official duties" is guilty of assault.[14]  Nothing in the law suggests that charges cannot be brought for impeding a federal investigation absent a physical assault.  And Wright's fantastical stories about conspiracies to incarcerate him do not counsel otherwise.  I thus deny his motion for habeas relief.[15]

---

[11] *Id.* at 17–23.

[12] *Id.* at 11–12.

[13] *Id.* at 1–3, 23–25.

[14] 18 U.S.C. § 111 (emphasis added).

[15] I further deny Wright's later-filed motion to "prevent clerk from further tampering with the appellate record," which, as the government argues, appears to seek relief that is either moot or that this court cannot provide.  *See* ECF No. 225; ECF No. 227.

**Conclusion**

IT IS THEREFORE ORDERED that Brian Wright's motion to vacate, set aside, or correct sentence **[ECF No. 223] is DENIED**.

IT IS FURTHER ORDERED that Wright's motion **[ECF No. 225] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 8, 2022